UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

RICHARD L HARPEL,

    Plaintiff,

v.                         CAUSE NO.: 1:18-CV-320-WL-PRC

AUBURN INDIANA,
DEKALB COUNT JAIL, et al.,

    Defendants.

OPINION AND ORDER

Richard L. Harpel, a prisoner without a lawyer, filed a complaint alleging that in March of 2018 he was subjected to the use of excessive force and unconstitutional conditions of confinement at the DeKalb County Jail. Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Harpel is currently incarcerated at the Plainfield Correctional Facility. He sues for events that occurred while he was housed at the DeKalb County Jail. He alleges that in March 2018, Sergeant Ulrick assaulted him during a cell extraction to get back at him

for Harpel calling Ulrick names. During this cell extraction, Harpel was placed in handcuffs. Then, while Harpel was handcuffed, Sergeant Ulrick tripped Harpel and slammed him to the ground three times. Harpel was then placed in leg shackles. After that, Ulrick continued to throw Harpel "around like a rag doll." Harpel was then placed face down into "biohazardous waste water" that had flooded the dayroom. Harpel was not allowed to change his clothes or take a shower for three days following that incident. Harpel claims to have contracted Hepatitis C from prolonged exposure to that water. Harpel sues Sergeant Ulrick, Jail Commander Angie Ireland, DeKalb County Sheriff Don Lauer and unknown officers for money damages.

First, Harpel sues Ulrick for using excessive force when he attacked him in March of 2018. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, Harpel alleges that Ulrick went far beyond what was required for a cell extraction. He alleges Ulrick assaulted him because Ulrick was upset that he had previously called Ulrick names. Giving Harpel the inferences to which he is entitled at this stage, he alleges a plausible claim that Ulrick used force maliciously and sadistically to cause him harm, and not for a legitimate purpose.

Next, Harpel sues Ulrick and the other unknown members of the cell extraction team for placing him in biohazardous water that caused him to contract Hepatitis C. In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish a constitutional violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493.

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. To be deliberate indifferent, "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Here, Harpel alleges that the conditions of the flooded jail floor were so dirty and unsanitary that exposure to it caused him to develop Hepatitis C. He further alleges that

Sergeant Ulrick knew of the unsanitary conditions and that there was a recent breakout of Hepatitis C, but that went ignored. Giving him the inferences to which he is entitled, he has alleged enough to proceed on a claim for deliberate indifference against Sergeant Ulrick.

However, Harpel's claims against the other defendants do not fare as well. To start, the unidentified officers must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). If at some point in the future Harpel can name or identify these defendants by some other means, then he can attempt to amend his complaint at that time.

Next, though he names DeKalb County Sheriff Don Lauer and DeKalb County Jail Commander Angie Ireland, he has not alleged that either Lauer or Ireland had any personal involvement in this matter. Though Sheriff Lauer and Commander Ireland oversee the jail, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Thus, neither of these two defendants can be held liable simply because they oversee the operations at the jail or supervise other correctional officers. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009)

Next, Harpel does not state a claim against the DeKalb County Jail either. Though the jail is where these events occurred, it is a building, not a person or even a policy making unit of government that can be sued pursuant to Title 42 U.S.C. 1983.

And, finally, Harpel names Auburn County as a defendant. To state a claim against a municipal defendant under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), he must allege the existence of an unconstitutional official policy or practice. However, Harpel has not alleged any unconstitutional policy. Without that, he has not stated a claim under *Monell*.

For these reasons, the court:

(1) GRANTS Richard L. Harpel leave to proceed on a claim against Officer Sergeant Ulrick in his individual capacity for compensatory for using excessive force against him during a cell extraction in March 2018, in violation of the Eighth Amendment;

(2) GRANTS Richard L. Harpel leave to proceed on a claim against Officer Sergeant Ulrick in his individual capacity for compensatory for subjecting him to unconstitutional conditions of confinement that led to Harpel contracting Hepatitis C in in March 2018, in violation of the Eighth Amendment;

(3) DISMISSES Auburn County, the DeKalb County Jail, the unidentified officers, Jail Commander Angie Ireland, and DeKalb County Sheriff Don Lauer as defendants;

(4) DISMISSES any and all other claims contained in the complaint;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Sergeant Ulrick at the DeKalb County Sheriff Department with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d); and

(6) ORDERS Officer Sergeant Ulrick to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 10, 2018.

s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT