UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD L HARPEL,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER SERGEANT ULRICK, et al.,<br><br>Defendants. | CAUSE NO.: 1:18-CV-320-WCL-SLC |

OPINION AND ORDER

Richard L. Harpel, a prisoner without a lawyer, filed a motion for leave to file an amended complaint (ECF 15) followed by the proposed amended complaint itself, which he also titled as a motion (ECF 16). Harpel explains that he seeks leave to amend because he has now discovered the identity of two previously unnamed officers and because he unintentionally omitted facts implicating DeKalb County Sheriff Don Lauer. Because the motion for leave to amend falls within the scope of Federal Rule of Civil Procedure 15(a)(1)(B), it will be granted and the clerk will be instructed to docket the second motion as his amended complaint.

Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Harpel is currently incarcerated at the Plainfield Correctional Facility. He sues Sheriff Don Lauer, Sergeant Officer J. Ulrick, and Officers J. Baker and D. Heiden for compensatory damages for events that occurred while he was housed at the DeKalb County Jail. He alleges that he was assaulted during a cell extraction in March of 2018. During this cell extraction, Harpel was placed in handcuffs by Sergeant Ulrick who "tossed [him] around like a rag doll" while Officers J. Baker and D. Heiden assisted and/or stood by idly. Harpel was then placed in leg shackles. He was intentionally tripped, which dislocated his shoulder and cut his knee, and Sergeant Ulrick proceeded to stomp on Harpel's lower stomach which allegedly caused a hernia to develop. Harpel was then "dipped/placed directly in biohazardous waste water." Afterwards, Sergeant Ulrick forced him to "marinate" in his soiled clothes for an "excessive number of hours and days." Harpel claims to have contracted Hepatitis C from prolonged exposure to that water.

First, Harpel asserts that he was subjected to excessive force during the cell extraction. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, Harpel

alleges that Sergeant Ulrick went beyond what was required for a routine cell extraction. Giving Harpel the inferences to which he is entitled at this stage, he alleges a plausible claim that Sergeant Ulrick used force maliciously and sadistically to cause him harm, and not for a legitimate purpose.

As to Officers Baker and Heiden, Harpel alleges that they assisted or stood idly by while Sergeant Ulrick beat him. He later indicates that they "acted in an unprofessional manner while delivering excessive force to plaintiff or for their inactions to stopping the brutal force from being deployed." These allegations are insufficient to state a claim against Officers Baker and Heiden for using excessive force directly against Harpel. That said, "officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).  This is what has become known as a "failure to intervene" basis for a constitutional violation under the Eighth Amendment, a principle which this circuit has long recognized. *Fillmore v. Page*, 358 F.3d 496 506 (7th Cir. 2004); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). Giving Harpel the inferences to which he is entitled at this stage, he plausibly alleges that Officers Baker and Heiden knew Sergeant Ulrick was engaging in excessive force, had an opportunity to prevent him from using more force than was necessary under the circumstances, and nevertheless failed to intervene.

Next, Harpel alleges that he was forced to endure conditions of confinement that violated his Eighth Amendment rights. In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish a constitutional violation in combination when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493. On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. To be deliberately indifferent, "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Here, Harpel alleges that he was dipped or placed directly into biohazardous waste water on the jail floor. He further alleges that Sergeant Ulrick knew of the unsanitary conditions, neglected to address his injuries including a cut knee that had

4

come into contact with the water, and forced him to remain in soiled clothing for an "excessive" number of days which ultimately caused him to contract Hepatitis C. Giving Harpel the inferences to which he is entitled, he has alleged enough to proceed on a claim for deliberate indifference against Sergeant Ulrick.

Finally, Harpel names DeKalb County Sheriff Don Lauer and requests that he "be ordered to share the total expense for all plaintiff's incurred medical bills suffered by actions/inactions of plaintiff's caretaker" and also seeks compensatory damages for "turning a blind eye to the situation and conditions of the county jail." He has not alleged that Sheriff Lauer had any personal involvement in the matter. As noted in the court's initial screening order, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Sheriff Lauer cannot be held liable simply because he oversees the operations at the jail or supervises other correctional officers. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

Harpel's amended complaint attempts to evade this requirement by alleging that Sheriff Lauer "neglected to visit or address plaintiff's concerns" related to several administrative grievances he filed following the incident. He complains that, although he marked his grievances "To: Don Lauer Only," Jail Commander Angie Ireland was the one who responded to his requests which violated proper administrative grievance procedures. However, an inmate has no due process rights with respect to grievance procedures—the fact that an official ignores, mishandles, or denies an inmate's grievance does not state a claim under § 1983. *See Owens v. Hinsley*, 635 F.3d 950, 953

5

(7th Cir. 2011) ("[T]he alleged mishandling of [an inmate's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Thus, he has not stated a claim against Sheriff Lauer.

For these reasons, the court:

(1) GRANTS the motion to amend (ECF 15);

(2) DIRECTS the clerk to docket the motion (ECF 16) as an amended complaint;

(3) GRANTS Richard L. Harpel leave to proceed on a claim against Officer Sergeant J. Ulrick in his individual capacity for compensatory damages for using excessive force against him during a cell extraction in March of 2018, in violation of the Eighth Amendment;

(4) GRANTS Richard L. Harpel leave to proceed on claims against Officer J. Baker and Officer D. Heiden in their individual capacities for compensatory damages for failing to intervene in Officer Sergeant J. Ulrick's use of excessive force against him during a cell extraction in March of 2018, in violation of the Eighth Amendment;

(5) GRANTS Richard L. Harpel leave to proceed on a claim against Officer Sergeant J. Ulrick in his individual capacity for compensatory damages for subjecting him to unconstitutional conditions of confinement that led to Harpel contracting Hepatitis C in March of 2018, in violation of the Eighth Amendment;

(3) DISMISSES DeKalb County Sheriff Don Lauer;

(4) DISMISSES any and all other claims contained in the complaint;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer J. Baker and Officer D. Heiden at the DeKalb County Sheriff

6

Department with a copy of this order and the amended complaint, pursuant to 28 U.S.C. § 1915(d); and

(6) ORDERS Officer Sergeant J. Ulrick, Officer J. Baker, and Officer D. Heiden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 24, 2019.

s/William C. Lee
JUDGE WILLIAM C. LEE
UNITED STATES DISTRICT COUR
