UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| RICHARD L. HARPEL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:18-CV-320 |
| OFFICER J. ULRICK, OFFICER J. BAKER and OFFICER D. HEIDEN, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on cross motions for summary judgment. Plaintiff Richard Harpel, proceeding *pro se*, filed a Motion for Summary Judgment Showing the Exhaustion of Administrative Remedies (ECF 49). The Defendants, all of whom are DeKalb County law enforcement officers, filed a response in opposition to Harpel's motion along with supporting documents and briefs (ECF 55, 56 and 57). Harpel did not file a reply brief. The Defendants also filed a Motion for Summary Judgment (ECF 51), along with an Appendix (ECF 52) and a memorandum in support (ECF 53). Harpel did not file a response to the Defendants' motion. However, he did file two more motions: a Motion to Reconsider (ECF 58) and a Motion for Appointment of Counsel (ECF 59). The Defendants filed responses in opposition to these motions (ECF 60 and 61). Again, Harpel did not file a reply brief. For the reasons explained below, the **Defendants' Motion for Summary Judgment (ECF 51) is GRANTED; the Plaintiff's Motion for Summary Judgment (ECF 49) is DENIED; and the Plaintiff's Motion to Reconsider (ECF 58) and his Motion for Appointment of Counsel are DENIED AS**

**MOOT.**[1] **This case is DISMISSED WITHOUT PREJUDICE.**

## STANDARD OF REVIEW

**I. *Pro se* pleadings.**

Harpel is proceeding *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This court is mindful of the well-settled principle that, when interpreting a *pro se* petitioner's complaint, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "*pro se* complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)). The mandated liberal construction afforded to *pro se* pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the *pro se* litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.*

---

[1] Harpel's motion for reconsideration challenges the Court's previous decision issued on May 8, 2019, denying Harpel's request for appointment of counsel. Court Order (ECF 23). He repeats that request in his recent, second motion for appointment of counsel. Given the Court's conclusion that the Defendants' are entitled to judgment as a matter of law on Harpel's claims, his requests for counsel are moot.

**II. Summary judgment standard.**

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A genuine issue of material fact exists when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Dulin v. Hankins*, 2019 WL 6348023, at *1 (N.D. Ind. Nov. 26, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." *Id.* (citing *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003)).

Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *See id.* at 255. However, neither the "mere existence of some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

Summary judgment is not a substitute for a trial on the merits nor is it a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion,

summary judgment is inappropriate. *See Shields Enterprises, Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992); *Wolf v. City of Fitchburg*, 870 F.2d 1327, 1330 (7th Cir. 1989). If it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated. *See Celotex*, 477 U.S. at 322; *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003). Rule 56 states in part as follows:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in [his] own pleading; rather [his] response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed.R.Civ.P. 56(e)(3). The non-moving party bears the burden of demonstrating that such a genuine issue of material fact exists. *Harney v. Speedway Super America, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008).

**DISCUSSION**

There is only one issue before the Court, which is whether Harpel exhausted his administrative remedies before filing this civil rights lawsuit. Because the undisputed evidence shows that he did not, the Defendants are entitled to judgment as a matter of law and this case must be dismissed.

The operative Complaint in this case is Harpel's Amended Complaint filed on May 24, 2019 (ECF 30). Harpel alleges that on March 27, 2018, while he was incarcerated at the DeKalb County Jail, he was subjected to excessive force by Defendant Ulrick during a cell extraction. *Id*, pp. 2-3. Harpel alleges that during the cell extraction he was handcuffed, shackled, "forcefully

4

slammed against a wall, then placed within the standing biohazard waste water within the cell block." *Id*. Harpel alleges that he suffered a "cut knee, head, and shoulder" and that he contracted Hepatitis C when the Defendants forced him to lie in waste water. *Id*., p. 6. Harpel alleges that Ulrick's conduct violated his Eighth Amendment right to be free from cruel and unusual punishment, and that Defendants Baker and Heiden are also liable to him because they witnessed the alleged excessive force and failed to intervene to stop it. *Id*., p. 8.

On the same day of the incident giving rise to this lawsuit–March 27, 2018–Harpel filed nine internal jail grievances complaining about his treatment. Jail officials reviewed and responded to all of those grievances two days later, denying Harpel any relief. It is undisputed that Harpel did not appeal those determinations, even though the DeKalb County Jail grievance procedure includes a mandatory appeal process. The Defendants contend that Harpel, pursuant to the Jail's administrative procedure for the handling of prisoner grievances, had five days to appeal the initial determinations regarding his grievances. He filed no such appeal or appeals.

The Defendants explain that the DeKalb County Jail "maintains an Inmate Grievance and Appeal Policy which provides inmates with an internal grievance mechanism for resolving complaints arising from Jail operations and/or employee actions or inactions, without fear of reprisal." Defendants' Appendix of Exhibits (ECF 52); Affidavit of Jail Commander Angela Ireland (ECF 52-1), ¶ 4. Jail Commander Ireland explains the grievance procedure in detail in her affidavit:

> In accordance with the Grievance and Appeal Policy, inmates have the right to file a Grievance for any violation of Jail policy or procedure, any violation of civil, constitutional or statutory rights and for criminal or prohibited acts that have been committed by a Sheriff's Department employee or volunteer. ....... An inmate's right to file a Grievance is also set forth in the DeKalb County Jail Inmate

> Handbook[,] which [is] posted at all times in the cell block. ......Once a completed Grievance Form is submitted by an inmate, it is forwarded to a Grievance Chairman for handling .......I along with Lieutenant Nathan Fike and First Sergeant Josh Hicks, serve as Grievance Chairmen. ......Pursuant to the Grievance and Appeal Policy, all Grievances are to be resolved within seven (7) days of receipt by the Grievance Chairman.

*Id.*, ¶¶ 5-11. As to the grievances filed by Harpel, Ireland acknowledges that "[o]n March 27, 2018, Inmate Harpel was involved in a jail extraction where he was removed from his cell and placed in a restraint chair." Ireland also recounts Harpel's grievances following that incident:

> On March 27, 2018, Inmate Harpel submitted nine (9) Grievances which included Grievances concerning the [cell] extraction incident which occurred on March 27, 2018. Inmate Harpel's March 27, 2018[,] Grievances were received on March 29, 2018[,] and assigned to myself and Lieutenant Nathan Fike .......Inmate Harpel's March 27, 2018[,] Grievances were reviewed and decisions issued and delivered to Inmate Harpel on March 29, 2018. ......In accordance with the Grievance and Appeal Policy, an inmate may appeal a Grievance decision in writing within five (5) days of the decision by submitting a completed DeKalb County Grievance Decision Appeal Form. ......Upon receipt of a Grievance Appeal, the Grievance Chairman assigned will review all documentation and render an appeal decision in writing within five (5) working days....... Inmate Harpel did not submit an appeal for any of the March 27, 2018[,] Grievance decisions....... Moreover, I have recently reviewed Inmate Harpel's entire Jail Inmate file which review did not uncover or otherwise reveal any request to review or appeal the March 29, 2018[,] Grievance decisions....... Accordingly, Inmate Harpel did not exhaust the Jail Grievance and Appeal process.

*Id.*, ¶¶ 13-21. The Defendants included in their Appendix a copy of the DeKalb County Jail Inmate Grievance policy, which confirms the statements made in Ireland's affidavit. *Id.*, p. 6. The Defendants also attached a page from the Jail's Inmate Handbook addressing inmate rights, including "the right to file written grievances regarding treatment [or] conditions in the jail with the sheriff or his designee." *Id.*, p. 8. Finally, the Defendants attached a signature page containing Harpel's signature acknowledging that he was "notified that there is a DeKalb County Jail Rule Book posted in the cell block I am/will be housed in. I am responsible for reading it and adhering

6

to it." *Id.*, p. 9. Harpel signed the Jail Rule Book acknowledgment form on January 16, 2018, two days after he began his term of incarceration in the Jail. *Id.*

In his Motion for Summary Judgment Showing the Exhaustion of Administrative Remedies, Harpel only states that he filed nine grievances following the March 27, 2018, incident. He does not allege that he filed or attempted to file any appeal of the determinations made on those grievances. Accordingly, it is undisputed that he did not follow the established, written procedure for exhausting his administrative remedies.

The Defendants argue in their motion for summary judgment that Harpel's failure to comply with the Jail's administrative procedure precludes him from bringing this lawsuit. The Defendants argue as follows:

> The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under Section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). ......Accordingly, "[t]he courthouse door must be kept closed to prison claims until all efforts toward exhaustion of those remedies have run their course." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). A prisoner who does not properly take each step within the administrative process provided has failed to exhaust his administrative remedies and thus is foreclosed from litigating his claims in court. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

Defendants' Memorandum (ECF 53), p. 7. The Defendants are correct. This Court, addressing the same issue in another case, explained as follows:

> Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Even when a prisoner "seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. at 524, citing *Booth v. Churner*, 532 U.S. at 741.
>
> The PLRA provides that "[n]o action shall be brought with respect to prison

7

> conditions under section 1983 ... until such administrative remedies as are
> available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary
> even if the prisoner is requesting relief that the relevant administrative
> review board has no power to grant, such as monetary damages, or if the
> prisoner believes that exhaustion is futile.

*Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations omitted). The Seventh Circuit held in Dole that a prisoner must file a grievance because responding to his grievance might satisfy him and avoid litigation or the grievance could "alert prison authorities to an ongoing problem that they can correct." *Id*. at 809, citing *Porter v. Nussle*, 534 U.S. at 525.

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Cleveland admits that he did not exhaust his administrative remedies prior to filing suit. He filed this action within days of the alleged events, and before he either received a response or filed an appeal. Therefore, this case cannot proceed.

*Cleveland v. Warden*, 2019 WL 4597318, at *1-2 (N.D. Ind. Sept. 23, 2019). *See also*, *Moore v. Bowles*, 2019 WL 6682800, at *2 (S.D. Ill. Dec. 6, 2019) ("The Prison Litigation Reform Act ('PLRA') requires prisoners to exhaust all administrative remedies before bringing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). Proper exhaustion requires an inmate to 'file complaints and appeals in the place, and at the time, the prison's administrative rules require.' *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).")); *Bruno v. Mahoney*, 2019 WL 6728249, at *1 (W.D. Wisc. Dec. 11, 2019) (same).

Finally, as the Seventh Circuit has explained:

> Because exhaustion is an affirmative defense, the defendants bear the burden to
> show Williams's failure to exhaust. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir.

8

2018) (citing, *Pyles* [*v. Nwaobasi*] 829 F.3d [860] at 864 [7th Cir. 2016]). Because Williams was incarcerated when he filed this action, his claims are governed by the Prison Litigation Reform Act ("PLRA"). Under the PLRA, a prisoner must exhaust "such administrative remedies as are available" before bringing a suit "with respect to prison conditions under section 1983 . . . or any other federal law." 42 U.S.C. § 1997e(a). The exhaustion requirement is interpreted strictly; thus, a "prisoner must comply with the specific procedures and deadlines established by the prison's policy." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Unexhausted claims are procedurally barred from consideration. *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); *Pyles*, 829 F.3d at 864.

*Williams v. Ortiz*, 937 F.3d 936, 941 (7th Cir. 2019). Such is the situation in the present case. The evidence is undisputed and shows that Harpel did not exhaust his administrative remedies. Accordingly, he is precluded from pursuing his claims in federal court and the Defendants are entitled to summary judgment.

## CONCLUSION

For the reasons explained above, the **Defendants' Motion for Summary Judgment (ECF 51) is GRANTED; the Plaintiff's Motion for Summary Judgment (ECF 49) is DENIED; and the Plaintiff's Motion to Reconsider (ECF 58) and his Motion for Appointment of Counsel are DENIED AS MOOT**. **This case is DISMISSED WITHOUT PREJUDICE.**[2]

Date: February 6, 2020.

                /s/ William C. Lee
                William C. Lee, Judge
                U.S. District Court
                Northern District of Indiana

---

[2] Because a dismissal for failure to exhaust administrative remedies does not address the merits of a plaintiff's claim, and because it is at least theoretically possible that a plaintiff could still exhaust his administrative remedies "or a state may allow litigation in state court without the exhaustion rule that § 1997e(a) adopts for federal litigation[,] . . . [w]e therefore hold that *all* dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (italics in original).